**JUDGE SWAIN**

'09 CIV 7329

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004,

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
New York, NY 10004,

          Plaintiffs,

v.

DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001,

          Defendant.

No. _____



---

## COMPLAINT FOR INJUNCTIVE RELIEF

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and release of an agency record requested by Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (collectively "ACLU") from Defendant U.S. Department of Justice ("DOJ").

2.    Plaintiffs submitted a FOIA request ("Request") to the DOJ and two DOJ components—the Office of Legal Counsel ("OLC") and the Office of the Inspector General ("OIG")—on August 5, 2009, requesting the release of a legal memorandum

dated May 4, 2009, from David Barron, Acting Assistant Attorney General of the OLC, to a DOJ Task Force.[1]

3. The record sought reportedly addresses, *inter alia*, the constitutional rights that certain Guantánamo Bay detainees might legally claim if they are tried through military commissions in the United States and the admissibility of statements obtained through coercion in such military commission proceedings. *See, e.g.*, Jess Bravin, *New Rift Opens Over Rights of Detainees*, Wall St. J., June 29, 2009; David Johnston, *Rights Cited in U.S. Trials Of Detainees*, N.Y. Times, June 29, 2009; *Undoing the Damage*, N.Y. Times, July 11, 2009.

4. In their request, Plaintiffs sought expedited processing. Plaintiffs also sought a waiver of search, review, and duplication fees. To date, Defendant DOJ and DOJ component OLC have not responded to Plaintiffs' request. DOJ component OIG has denied Plaintiffs' request for expedited processing, but also indicated that it does not possess the requested document.

5. The immediate release of this record is of critical importance as the public is right now engaged in a vigorous debate—including in Congress—over the legal implications of trying Guantánamo Bay detainees in U.S. federal courts as opposed to trying them in military commissions or holding them indefinitely without trial. The public has an unequivocal right to review the requested record, which will shed light on the current administration's position in this debate. Despite the memorandum's clear importance to the public interest, Defendant has yet to produce the record or to justify

---

[1] The Request was originally mailed by Plaintiffs on July 15, 2009, but inadvertently not via certified means. In an abundance of caution, Plaintiffs are using August 5, 2009, the date that the Request was resent via certified overnight mail and facsimile, as the operative date for this action.

2

its withholding in the two weeks since Plaintiffs first filed their request, contrary to statute. *See* 5 U.S.C. § 552(a)(6)(E)(ii)(I). Plaintiffs accordingly seek an injunction requiring Defendant to process the Request immediately.

## **Jurisdiction and Venue**

6.  This Court has both subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## **Parties**

7.  Plaintiff American Civil Liberties Union is a nationwide, non-profit, non-partisan organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality. The ACLU is committed to ensuring that the treatment of prisoners within U.S. custody is consistent with the government's obligations under domestic and international law.

8.  Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

9.  Defendant DOJ is a Department of the Executive Branch of the United States government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The OLC and OIG are components of the DOJ.

## Factual Background

### Plaintiffs' Request

10. On August 5, 2009, the ACLU submitted a FOIA request demanding release of a legal memorandum dated May 4, 2009, from David Barron, Acting Assistant Attorney General of the OLC, to a DOJ Task Force.

11. Plaintiffs sought expedited processing of the Request on the ground that there is a "compelling need" for this record because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity. 5 U.S.C. § 552(a)(6)(E)(v); *see also* 22 C.F.R. § 171.12(b)(2); 28 C.F.R. § 16.5(d)(1)(ii); 32 C.F.R. § 286.4(d)(3)(ii); 32 C.F.R. § 1900.34(c)(2). Plaintiffs also sought expedited processing on the ground that the record sought relates to a "breaking news story of general public interest." 22 C.F.R. § 171.12(b)(2)(i); 32 C.F.R. § 286.4(d)(3)(ii)(A); *see also* 28 C.F.R. § 16.5(d)(1)(iv) (providing for expedited processing in relation to a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence"); 32 C.F.R. § 1900.34(c)(2) (providing for expedited processing when "the information is relevant to a subject of public urgency concerning an actual or alleged Federal government activity").

12. Plaintiffs sought a waiver of search, review, and duplication fees on the grounds that disclosure of the requested record is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii);

*see also* 22 C.F.R. § 171.17(a); 28 C.F.R. § 16.11(k)(1); 32 C.F.R. § 286.28(d); 32 C.F.R. § 1900.13(b)(2).

13. Plaintiffs also sought a waiver of search and review fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the record is not sought for commercial use. 28 C.F.R. § 16.11(c)(1)-(2), (d)(1).

### Defendant's Response to the Request

14. Although the Request has now been pending for more than 10 days, the record has not been produced and Defendant has refused or failed to respond to Plaintiffs' request for expedited processing.

15. To date, Plaintiffs have not received any response to their Request from Defendant DOJ or OLC.

16. On August 13, 2009, the OIG sent Plaintiffs a letter acknowledging receipt of the Request and denying Plaintiffs' request for expedited processing. The OIG also said that it did not believe that it had the responsive record.

### **Causes of Action**

17. Defendant's failure to make a reasonable effort to search for the record sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendant's corresponding regulations.

18. Defendant's failure to promptly make available the record sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(C), and Defendant's corresponding regulations.

19. The failure of Defendant to grant Plaintiffs' request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendant's corresponding regulations.

20. The failure of Defendant to grant Plaintiffs' request for a limitation of fees violates FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and Defendant's corresponding regulations.

21. The failure of Defendant to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a) (4)(A)(iii), and Defendant's corresponding regulations.

## **Requested Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendant to process immediately all records responsive to the Request;

B. Enjoin Defendant from charging Plaintiffs search, review, or duplication fees for the processing of the Request;

C. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
Jameel Jaffer (JJ-4653)
Jonathan Hafetz (JH-0843)
AMERICAN CIVIL LIBERTIES UNION
   FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 519-7814
Fax: (212) 549-2654
jjaffer@aclu.org

Arthur Eisenberg (AD-2012)
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
New York Civil Liberties Union
125 Broad Street, 19th Floor
New York, NY 10004
Tel: (212) 607-3300

*Counsel for Plaintiffs*

Dated: August 20, 2009